Case: 12-10553    Date Filed: 11/25/2013    Page: 1 of 1

## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit

No. 12-10553

District Court Docket No.
2:11-cr-00013-LSC-HGD-3

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

versus

OMARI ELLIOT,

        Defendant - Appellant.

Appeal from the United States District Court for the
Northern District of Alabama

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: October 18, 2013
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE: 11/25/2013

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 12-10553

D.C. Docket No. 2:11-cr-00013-LSC-HGD-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMARI ELLIOT,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Alabama

(October 18, 2013)

Before PRYOR and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

---

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

A jury convicted Omari Elliot of two counts of robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court imposed a total life sentence after determining Elliot had two prior felony convictions qualifying him for a career offender enhancement under U.S.S.G. § 4B1.1.  On appeal, Elliot argues the district court violated his right to due process by admitting into evidence an eyewitness's out-of-court and subsequent in-court identification of him.  Elliot also maintains the district court erred by considering his Alabama youthful offender adjudication as a prior felony conviction for purposes of applying the § 4B1.1 career offender enhancement.  We affirm.

## I. EYEWITNESS IDENTIFICATION

Elliot contends a photo lineup from which an eyewitness identified him was unduly suggestive because a substantial likelihood existed that the witness's identification was not based on her own independent recollection but, instead, was tainted by her observation of photos of him on the internet and printed flyers, as well as a portion of a surveillance videotape of the robbery.  Elliot further asserts there was no independent and reliable basis for the witness's subsequent in-court identification of him at trial.

We review constitutional questions *de novo*, *United States v. Whatley*, 719 F.3d 1206, 1213 (11th Cir. 2013), and will set aside a conviction "based on

2

eyewitness identification at trial following a pretrial identification by photograph . . . only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," *Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968). "The admission of [an] unreliable identification is subject to harmless error analysis." *United States v. Diaz*, 248 F.3d 1065, 1103 n.48 (11th Cir. 2001).

Due process prohibits the admission of eyewitness identifications "when the police have arranged suggestive circumstances leading the witness to identify a particular person as the perpetrator of a crime." *Perry v. New Hampshire*, 132 S. Ct. 716, 720 (2012). This prohibition, however, "turn[s] on the presence of state action and aim[s] to deter police from rigging identification procedures." *Id.* at 721. Thus, when no improper law enforcement activity is involved, exclusion of an eyewitness identification is unnecessary. *Id.* at 721, 723 ("The Constitution . . . protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit.").

The police in this case did not arrange a suggestive photo lineup, and exclusion of the eyewitness identification and subsequent in-court identification

3

was unnecessary. *See id.* The lineup contained photographs of Elliot and five other men selected by a computer program based on their physical similarities to Elliot. The officer conducting the lineup did not pressure the witness to pick a suspect, nor did he suggest which person the eyewitness should pick. In addition, the witness's observation of a surveillance videotape of the robbery prior to the lineup was not the result of police misconduct, and police officers were not involved in her independent viewing of Elliot's photos at the store and on the internet.

Regardless, even if the district court erred by admitting the witness's identification testimony, any such error was harmless in light of the overwhelming evidence of Elliot's guilt. *See Diaz*, 248 F.3d at 1103 n.48. Elliot's DNA was found on a smashed jewelry case at the scene of the crime, and Elliot confessed to the robbery. As such, Elliot's convictions must stand.

## II. YOUTHFUL OFFENDER ADJUDICATION

In 2002, when Elliot was 20 years old, he robbed a man of $150 and a pack of cigarettes while armed with a pistol. Elliot was charged with first-degree robbery and received a youthful offender adjudication, which resulted in a sentence of three years' probation. Elliot was subsequently convicted of second-degree robbery and his probation was revoked. Elliot asserts on appeal that his youthful offender adjudication does not qualify as a conviction for purposes of § 4B1.1

4

because, under the Alabama youthful offender statute, a defendant is determined to be a youthful offender before there is an arraignment or conviction. Furthermore, Alabama law prohibits a youthful offender adjudication from counting as a conviction.

We review a district court's interpretation and application of the Sentencing Guidelines *de novo*, and review its factual findings for clear error. *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013). Under the Guidelines, a defendant is a career offender if (1) he was at least 18 years old at the time of the instant offense; (2) his instant offense was a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a).[1]

A "prior felony conviction" is defined as:

> [A] prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. *A conviction for an offense committed at age eighteen or older is an adult conviction.* A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted.

U.S.S.G. § 4B1.2, comment. (n.1) (emphasis added). The Guidelines also indicate that a conviction may arise from a guilty plea, a trial, or a plea of *nolo contendere*.

---

[1] Elliot does not dispute that he was 18 years old when he committed the instant offense and that the robberies were crimes of violence.

5

*See* U.S.S.G. § 4B1.2(c) ("The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.").

Under the pertinent provisions of the Alabama Youthful Offender Act, a court may direct that a defendant be arraigned as a youthful offender when he is charged with a crime he committed while he was a minor. Ala. Code § 15-19-1(b).[2] If the defendant is arraigned as a youthful offender, "no further action shall be taken on the indictment or information," *id.*, and the youthful offender adjudication "shall not be deemed a conviction of crime; provided, however, that if he is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered," *id.* § 15-19-7(a).

As an initial matter, Elliot was 20 years old when he committed the Alabama state offense, and we need not resort to state law to determine whether that adjudication qualified as an adult conviction. *See* U.S.S.G. § 4B1.2, comment. (n.1) ("A conviction for an offense committed at age eighteen or older is an adult conviction."); *see also United States v. Fernandez*, 234 F.3d 1345, 1347 (11th Cir. 2000) ("[T]he definition of 'conviction' under U.S.S.G. § 4B1.1 . . . [is] governed by federal law."). Consequently, our opinions in cases such as *United States v.*

---

[2] The Alabama Youthful Offender Act applies to anyone who is under 21 years of age. *See Burke v. State*, 991 So. 2d 308, 310-11 (Ala. Crim. App. 2007) ("The Youthful Offender Act is intended to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction." (quotation marks omitted)).

6

*Pinion*, 4 F.3d 941 (11th Cir. 1993), and *United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006), provide no guidance on the issue before us, as those cases articulated considerations for determining whether a conviction was an *adult* conviction, but do not speak to the more fundamental question of what constitutes a *conviction* in the first place.[3] The question before us is not whether Elliot sustained an adult conviction, but whether he sustained a conviction at all. Accordingly, we are guided by our decisions in cases such as *United States v. Jones*, 910 F.2d 760 (11th Cir. 1990); *United States v. Tamayo*, 80 F.3d 1514 (11th Cir. 1996); and *United States v. Acosta*, 287 F.3d 1034 (11th Cir. 2002), in which we assessed whether a plea or adjudication constituted a conviction for federal sentencing purposes.

In *Jones*, we held that a prior state court case in which a defendant entered a plea of *nolo contendere* and adjudication was withheld counted as a predicate conviction for purposes of the § 4B1.1 career offender enhancement. *Jones*, 910 F.2d at 761. We have subsequently reaffirmed the validity of *Jones*, stating *Jones'*

---

[3] In *Pinion*, we held that a defendant's South Carolina youthful offender conviction he sustained when he was 17 years old qualified as a predicate offense for a career offender enhancement under § 4B1.1. *Pinion*, 4 F.3d at 943-45. In deciding the defendant was convicted as an adult, we articulated several factors relevant to that inquiry, including (1) the nature of the proceedings giving rise to the conviction; (2) the sentences the defendant received; and (3) the actual time he served. *Id.* at 944 & n.6. Relying on *Pinion*, we held in *Wilks* that a defendant's Florida youthful offender conviction supported an enhancement under § 4B1.1 and the Armed Career Criminal Act because the defendant was sentenced by an adult court, was treated as an adult criminal, and received a term of imprisonment exceeding one year and one month. *Wilks*, 464 F.3d at 1242-43.

ultimate determination—that a prior state court *nolo* plea in which adjudication was withheld can be used as a conviction for career offender purposes under the Guidelines—remains good law. *Fernandez*, 234 F.3d at 1347-48 (holding an offense resulting in a plea of *nolo contendere* where adjudication was withheld counted as a qualifying offense for purposes of an enhancement under § 2K2.1 of the Guidelines).

Similarly, in *Tamayo*, we relied in part on *Jones* to conclude that a defendant's plea of *nolo contendere* where adjudication was withheld was properly included in the calculation of the defendant's criminal history, even when the state court disposition was unsigned by the sentencing judge. *Tamayo*, 80 F.3d at 1522-23. In doing so, we observed "our court specifically has held that a Florida *nolo contendere* plea, where adjudication was withheld, is a conviction supporting an enhanced sentence under the federal statutes and the Sentencing Guidelines." *Id.* at 1522.

Perhaps most persuasively, we held in *Acosta* that a New York youthful offender adjudication qualified as a conviction for purposes of a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A), which provides for a ten-year sentence enhancement for any person convicted of a drug offense who has a prior conviction for a felony drug offense. *Acosta*, 287 F.3d at 1036-37. We explained that the meaning of the word "conviction" in § 841 is defined by federal rather than

state law, and, consequently, this Court was not bound by the fact New York law did not consider a youthful offender adjudication to be a conviction. *Id.* Instead, our decision in *Acosta* was "controlled by analogous cases in which this Court has held that a plea of *nolo contendere* in Florida state court with adjudication withheld is a conviction that supports a section 841 sentence enhancement." *Id.* at 1037. We elaborated:

> If a defendant who is not even adjudicated guilty is considered to have suffered a conviction within the meaning of section 841, then a youthful offender who pleads guilty and is adjudicated must also be considered to have suffered a prior conviction, even if the state law does not consider him "convicted" and his record is sealed.

*Id.*

As in *Acosta*, the meaning of "conviction" for purposes of the sentencing enhancement at issue in this case is a matter of federal rather than state law. *See United States v. Madera-Madera*, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003) ("Federal law, not state law, controls the application of the Sentencing Guidelines."); *Fernandez*, 234 F.3d at 1347 ("[T]he definition of 'conviction' under U.S.S.G. § 4B1.1 . . . [is] governed by federal law."); *United States v. Willis*, 106 F.3d 966, 970 (11th Cir. 1997) ("[S]ection 4B1.1 of the Sentencing Guidelines[] does not indicate that state law should govern its application.

9

Therefore, . . . federal law, not state law, [is] controlling.").[4] Thus, we are not bound by the fact that Alabama law does not consider a youthful offender adjudication to be a conviction. Instead, our decision is controlled by *Acosta* and analogous cases in which this Court has held that a plea of *nolo contendere* with adjudication withheld is a conviction for purposes of the § 4B1.1 career offender enhancement. *See Acosta*, 287 F.3d at 1037; *Jones*, 910 F.2d at 761. If a defendant who is not adjudicated guilty is considered to have suffered a conviction within the meaning of § 4B1.1, then a youthful offender who pled guilty and was adjudicated must also be considered to have sustained a conviction for purposes of the Guidelines career offender enhancement, even if state law does not consider him "convicted."[5]

---

[4] To the extent *United States v. Bankston*, 121 F.3d 1411, 1414 (11th Cir. 1997), suggests we look to state law when we lack express guidance from the Sentencing Commission, that case arose in a different context than the one we are addressing, and, regardless, we are bound to follow our earlier precedent. We therefore adhere to the statement in *Willis*—which was decided before *Bankston*—that, because § 4B1.1 does not indicate state law should govern the instant determination, federal law is controlling. *See Willis*, 106 F.3d at 970. Furthermore, in light of *Jones* and *Acosta*, we have circuit authority to guide us in resolving the present issue.

[5] We note that the United States District Court for the Middle District of Alabama has come to the opposite conclusion. *See United States v. Temmis*, 45 F. Supp. 2d 1305 (M.D. Ala. 1999). However, it is elemental that we are not bound by the district court's decisions, and, further, the district court did not have the benefit of our opinion in *Acosta* when it rendered its decision. In addition, *United States v. Robinson*, 518 F. Supp. 2d 1341 (M.D. Ala. 2007), addressed whether an Alabama youthful offender adjudication counted as a predicate offense for purposes of an enhancement under the Armed Career Criminal Act (ACCA). That statute specifically provides that what constitutes a conviction is determined in accordance with the law of the jurisdiction in which the proceedings were held. 18 U.S.C. § 921(a)(20). This case presents us with no occasion to address the interaction of the ACCA and the Youthful Offender Act, and we express no opinion on the matter.

This conclusion does not run afoul of our statements in *Gordon v. Nagle*, 2 F.3d 385 (11th Cir. 1993). In *Gordon*, a habeas corpus case predating the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, we certified a question to the Alabama Supreme Court so that we could determine whether a defendant's challenge to his state habitual offender sentence was procedurally defaulted. *Id.* at 386-89. Specifically, we asked the Alabama Supreme Court whether the failure to advise a defendant of his eligibility for a youthful offender adjudication deprived the trial court of jurisdiction. *Id.* at 389. As part of our explanation for why it would matter that a defendant was not advised of his eligibility for a youthful offender adjudication, we described the Youthful Offender Act, and stated "[a]n adjudication made pursuant to the Youthful Offender Statute is very different from conviction of an adult. It is not deemed a conviction of crime at all." *See id.* at 387. However, we were not discussing the use of a youthful offender adjudication for federal sentencing purposes. We were simply describing Alabama law as it exists in Alabama. *Gordon* is therefore immaterial to the resolution of the issue we confront in this appeal.

For the reasons discussed, the district court did not err by using Elliot's Alabama youthful offender adjudication to classify him as a career offender under § 4B1.1. We note that this result accords with the policy behind the Guidelines

11

that "defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." *Tamayo*, 80 F.3d at 1522 (quotation marks omitted). As such, Elliot's sentences are affirmed.

## III. CONCLUSION

Elliot's convictions and sentences are **AFFIRMED.**