United States District Court
Northern District of Alabama

FILED
2020 JUN 22 A 11:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

Omari Elliot,
      Petitioner,

v.

Republic of United States,
       Respondent.

Case No. (Clerk To Supply)

2:11cr13-LSC

2:20cv8025-LSC

PETITION FOR WRIT OF HABEAS CORPUS TO VACATE AND/OR SET-ASIDE CONVICTION AND SENTENCE UNDER 28 U.S.C. §2255

The Petitioner respectfully seeks vacatur of his 18 U.S.C. §924(c) conviction and sentence under 28 U.S.C. §2255 in light of United States v. Davis, 139 S. Ct. 2319 (2019) and the Bill of Attainder Clause as interpreted by United States v. Brown, 381 U.S. 437 (1965). In support thereof, the following particulars are offered as true and correct under the penalty of perjury to the best of petitioner's knowledge:

1. On January 25, 2012, this Court sentenced petitioner to life imprisonment on his §924(c) conviction. Petitioner was unsuccessful on direct appeal, and has not filed a collateral attack to date. On June 24, 2019, the Supreme Court decided Davis, supra, and the Eleventh Circuit made Davis retroactive in In re: Hammond, 931 F.3d 1032 (11th Cir. 2019). This petition follows.

2. In Davis, the Court highlighted several important aspects about §924(c)'s rocky legislative history. Most importantly, that when §924(c) was enacted in 1968 it prohibited possession of a firearm in relation to any federal felony in alignment with the Bill of Attainder

Clause as interpreted by Brown, supra, to include bills of pains and penalties from the common law, and that in 1986 Congress amended §924(c) to taint two specified groups of persons with legislative punishment in violation of the Bill of Attainder Clause.

3. Specifically, the 1986 changes caused only those convicted of a "crime of violence" or "serious drug trafficking crime" to face the mandatory legislative punishment of 5 years minimum consecutive to the underlying drug or violent crime. The disparity is that those who possess firearms during a child porn or other sex crime, or during a wire/bank fraud or other white collar crime, or during a corrupt police officer's home invasion of a drug dealer's residence or other racketeering activity, are exempt from §924(c) while Petitioner is not. As a result, the prejudice from that double standard is petitioner's sentence of 5 years to Life on top of 20 years for Counts 4 and 12. In this light, the Court should hold §924(c) is an unconstitutional bill of pains and penalties, as-applied, and vacate petitioner's §924(c) conviction and sentence at the earliest opportunity available.

WHEREFORE petitioner prays this Honorable Court grants this petition and the relief requested.

Respectfully Submitted,

Date: 06/19/2020      x Omari Elliot

Omari Elliot
#28957-001
USP Lee

(2)

Omni V. Elliot 28957001
JZP Lee POB 305
Jonesville VA 24263

KNOXVILLE TN 377
18 JUN 2020 PM 3 L

Special Legal Mail

**SECU**

JUN 22 2020

U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

35203-200099

US Court House
Hugo L. Black F
1729 5th Ave
Birmingham AL 353

