Case 2:11-cr-00013-LSC-HNJ   Document 233   Filed 05/11/21   Page 1 of 2
USCA11 Case: 21-11414   Date Filed: 05/11/2021   Page: 1 of 2

FILED
2021 May-11  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-11414-H

_____

IN RE: OMARI ELLIOT,

                                                                                            Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

B Y   T H E   P A N E L:

      Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Omari Elliot has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255.   As an initial matter, however, we must determine whether Elliot's proposed § 2255 motion would be second or successive.

      Elliot was charged with two counts each of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 12 & 14); and using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 13 & 15).   A jury convicted Elliot on Counts 12 through 14 but acquitted him on Count 15.   He was sentenced to life imprisonment.   On appeal, we affirmed Elliot's convictions and sentence.

      In his application, Elliot contends that his § 924(c) conviction is unconstitutional in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Eason*, 953 F.3d 1184 (11th

Cir. 2020), arguing that Hobbs Act robbery is not a crime of violence. In June 2020, Elliot filed his initial 28 U.S.C. § 2255 motion to vacate in the district court raising substantially the same claim. As of this order, that motion remains pending.

Additionally, a search of the federal district court dockets using Elliot's name revealed only his criminal case and pending § 2255 proceedings, and the criminal docket does not contain any other § 2255 motions. A search of our docket similarly revealed no § 2255 filings. And in his application, Elliot notes only his pending § 2255 motion.

Accordingly, Elliot's present application for leave to file a second or successive § 2255 motion is DENIED WITHOUT PREJUDICE as premature.