FILED

2023 Aug-15  AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:11-cr-00013-LSC-HNJ-3** |
| | ) | |
| **OMARI ELLIOT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

### I.      Introduction

Before this Court is a Motion for Compassionate Release by Omari Elliot ("Elliot" or "Defendant"). (Doc. 240.) For the reasons set forth below, Elliot's motion (doc. 240) is due to be denied and the present action dismissed.

### II.      Background

On February 2, 2011, a federal grand jury returned a sixteen-count indictment against Elliot and five co-defendants. (Doc. 1.) Counts twelve and fourteen of the indictment each charged Elliot with one count of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951. (Doc. 1 at 11–13.) Counts thirteen and fifteen charged Elliot with using a firearm during and in relation to a crime of violence in violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

924(c)(1)(A). (Doc. 1 at 11–13.) Following two trials,[1] the respective juries convicted Elliot of counts twelve through fourteen. (Docs. 72, 73, 116.)

This Court sentenced Elliot to consecutive terms of 240 months' imprisonment as to count twelve, 240 months' imprisonment as to count fourteen, and a lifetime term of imprisonment as to count thirteen. (Doc. 172 at 21; Doc. 159 at 2.) On January 27, 2012, this Court entered judgment against Elliot. (Doc. 159.) Elliot appealed, and the Eleventh Circuit affirmed his convictions and sentence. (Doc. 205.) According to the Bureau of Prisons ("BOP"), Elliot is currently serving a life sentence with no projected release date at United States Penitentiary Canaan ("USP Canaan").[2]

### III. Legal Standard

Pursuant to 18 U.S.C. § 3582 ("§ 3582"), a judgment of conviction that includes a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Section 3582(c)(1)(A) provides an exception such that the Court may exercise its discretion to reduce the

---

[1] Elliot went to trial with respect to counts twelve and thirteen of the indictment on August 16, 2011, and the jury found Elliot guilty of both counts. (*See* Docs. 72, 73.) Elliot went to trial with respect to counts fourteen and fifteen of the indictment on September 9, 2011. (*See* Doc. 116.) The jury found Elliot guilty of count fourteen and acquitted him of count fifteen. (*Id.*)

[2] *Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (search "Omari Elliot" under "Find By Name" tab) (last visited August 8, 2023).

term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") if (1) the defendant has exhausted all available administrative remedies; (2) extraordinary and compelling reasons warrant such a reduction; and (3) such a reduction is consistent with applicable policy statements. *United States v. Davis*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that compassionate release is warranted." *Id.* (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## IV. Discussion

Compassionate-release motions arise under § 3582, which states:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

Elliot asks this Court to reduce his sentence to home confinement because (1) this Court erroneously applied an enhancement to his sentence; (2) Hobbs Act robbery no longer qualifies as a "crime of violence;" and (3) sentencing disparities between himself and similarly situated defendants constitute extraordinary and compelling reasons that warrant his release. (Doc. 240 at 10.)

### A.    Administrative Exhaustion Requirement

A defendant may bring a motion for compassionate release only when the defendant has exhausted all available administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The defendant must first submit a request to the warden of the defendant's facility asking that the BOP file a motion for compassionate release on the defendant's behalf. *Id.* If the warden denies the request, the defendant must exhaust his or her administrative rights to appeal the denial before filing the motion directly with the district court. *Id.* Alternatively, the defendant can file the motion directly with the district court if the warden fails to respond to the request within thirty days of receipt. *Id.*; *see also Kelley v. United States*, No. 4:16-cr-00030-LSC-HNJ-1, 2020 WL 5073970, at *3 (N.D. Ala. Aug. 5, 2020).

Elliot, rather than the BOP, filed the present motion. (Doc. 240 at 23–24.) Elliot states that he "filed a request for compassionate release to the [w]arden,"

that "30 days have lapsed from the receipt of the request," and that "the BOP [has] failed to file a motion on Elliot's behalf." (Doc. 240 at 10.) However, Elliot does not specify the date on which he submitted the request to the warden, nor does he provide a copy of the request. This Court thus cannot verify whether it even has the authority to grant Elliot the relief that he seeks. In any event, however, Elliot has not demonstrated that extraordinary and compelling reasons warrant his release.

### B.    Extraordinary and Compelling Reasons

Under § 3582, the Court must determine whether, "considering the factors set forth in section 3553(a)," "extraordinary and compelling reasons warrant" a reduction in Elliot's sentence "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

United States Sentencing Guideline ("U.S.S.G.") § 1B1.13 is the applicable policy statement related to compassionate release. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 ("§ 1B1.13") (U.S. SENT'G COMM'N 2022); *see also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that "[U.S.S.G. §] 1B1.13 is [the] applicable policy statement for all Section 3582(c)(1)(A) motions"). The requirements of U.S.S.G. § 1B1.13 echo those of § 3582(c)(1)(A), with the addition that a defendant not be a "danger to the safety of any other person or to the

community." *See* U.S.S.G. § 1B1.13. Notably, the application notes to § 1B1.13 provide that extraordinary and compelling reasons exist under certain circumstances concerning the defendant's medical condition, age, or family circumstances. U.S.S.G. § 1B1.13 app. n.1. Additionally, the Director of the Bureau of Prisons may determine that extraordinary and compelling reasons "other than, or in combination with, the reasons" that the application notes specifically describe.

Elliot argues that compassionate release is warranted because (1) his conviction for robbery under the Hobbs Act, 18 U.S.C. § 1951, no longer qualifies as a crime of violence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(1)(A); (2) this Court erroneously applied the ACCA's mandatory enhancement to his sentence because he lacks the necessary three predicate felonies; and (3) sentencing disparities between Elliot and other similarly situated defendants constitute extraordinary and compelling circumstances. (*See* Doc. 240 at 9–23.) He contends that "reasons that can justify resentencing are not limited to medical, age, or family circumstances." (*Id.* at 5.) However, this Court lacks the authority "to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248; *see also United States v. Magluta*, No. 21-13477, 2023 WL 4241281, at *3 (11th Cir. 2023) (stating that courts "only the BOP—

as opposed to the court—has the authority to decide release is warranted" for reasons other than "a qualifying medical condition, certain family circumstances, or age-related physical or mental health deterioration") (citing *Bryant*, 996 F.3d at 1263, and U.S.S.G. § 1B1.13). Such discretion lies solely within the purview of the Director of the BOP. *See id.* at 1263–64; *see also* U.S.S.G. § 1B1.13 app. n.1(D).

None of Elliot's proffered reasons for compassionate release concern his medical condition, age, or family circumstances. This Court, then, has no authority to grant Elliot the relief that he seeks.

### C.    Section 3553(a) factors

Even if extraordinary and compelling reasons did exist, Elliot's release would not be consistent with the policy of 18 U.S.C. § 3553(a). Section 3553(a) enumerates several factors that courts must consider, including, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need "to reflect the seriousness of the offense" and "to provide just punishment;" deterrence of the criminal conduct in question; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Moreover, § 3553(a) incorporates § 1B1.13, which permits courts to reduce a defendant's sentence only when "[t]he defendant is not a danger to the safety of any other

person or to the community." *See* U.S.S.G. § 1B1.13(2); *see also* 18 U.S.C. § 3553(a)(5).

Here, Elliot's lengthy criminal history creates serious recidivism concerns. Elliot's convictions for Hobbs Act robbery and the use of a firearm during the commission thereof raise additional concerns as to whether he poses a danger to others or the community. (*See* Doc. 159 at 2.) To reduce Elliot's sentence would belittle the severity of his transgressions and undermine the goals of his original sentence.

## V.    Conclusion

This Court has considered all of Elliot's arguments, and any arguments which this Court did not address herein would not have affected the outcome. For the foregoing reasons, Elliot's Motion for Compassionate Release (Doc. 240) is hereby **DENIED**. This matter remains closed.

**DONE** and **ORDERED** on August 15, 2023.

_____
L. Scott Coogler
United States District Judge

215708